UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Local #49 Operating Engineers
Health and Welfare Fund and
Central Pension Fund of the
International Union of Operating
Engineers and Participating
Employers; and Local #49
International Union of Operating
Engineers and Associated
General Contractors of Minnesota
Apprenticeship and Training
Program and their Trustees,

                Plaintiffs,

  vs.                          REPORT AND RECOMMENDATION

Northwest Bituminous, Inc.,

                Defendant.        Civ. No. 07-3781 (PJS/RLE)

* * * * * * * * * * * * * * * * * * *

      To:  Carol Ann Baldwin and Mitchell W. Converse,
           Jensen Bell Converse & Erickson, PA, 30 E 7th St
           Ste 1500, St. Paul, MN 55101

* * *

This matter came before the undersigned United States Magistrate Judge on a routine supervision of cases filed in this Division, and upon an assignment made in accordance with Title 28 U.S.C. §636(b)(1)(B).

This action was commenced on August 24, 2007, by the filing of a Complaint. On September 25, 2007, an Affidavit of Service was filed, which disclosed that the Defendant Northwest Bituminous, Inc., was served with the Summons and Complaint on September 4, 2007.  See, Docket No. 2.  On October 22, 2007, this Court issued an Order, providing that counsel for the Plaintiffs was directed to:

> Notify the Defendant Northwest Bituminous, Inc. that it is required to serve and file an Answer or some other responsive pleading, or to move for an extension of time to do so, and that an application for entry of default is required within 10 days of such notification if no response is filed; file an application for entry of default as to the Defendant Northwest Bituminous, Inc. unless the required pleadings are filed within 10 days of the referenced notification; or advise the Court in writing of any good cause to the contrary.

We further advised the Plaintiffs that, unless they complied with our Order within 20 days of the date that it was issued, this case, as to the Defendant Northwest Bituminous, Inc., might be dismissed for lack of prosecution.

Rule 12, Federal Rules of Civil Procedure, provides that "a defendant shall serve an answer within 20 days after being served with the summons or complaint." In the event that the plaintiff files an Amended Complaint before the defendant has filed an answer, "[a] party shall plead in response to an amended pleading within the time remaining for the response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders." Rule 15(a), Federal Rules of Civil Procedure. It appears that twenty (20) days have since passed, since the Defendant Northwest Bituminous, Inc., was served with the original Complaint, and ten (10) days have passed, since the Plaintiff filed an Amended Complaint, on October 24, 2007, and that the Defendant Northwest Bituminous, Inc., has not filed an Answer, or otherwise responded to the Amended Complaint. See, Rules 12 and 15(a), Federal Rules of Civil Procedure.

The Plaintiffs have failed to abide by the terms of our Order of October 22, 2007. Since we have previously warned the Plaintiffs of the potential consequences for their failure to abide by the Orders of this Court, we recommend that this action be dismissed without prejudice, for failure to comply with this Court's Order of October 22, 2007, and for lack of prosecution.

NOW, THEREFORE, It is --

RECOMMENDED:

That this action be dismissed without prejudice for failure to comply with this Court's Order of October 22, 2007, and for lack of prosecution.

BY THE COURT:

Dated: November 20, 2007         *s/Raymond L. Erickson*
                                  Raymond L. Erickson
                                  CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than December 7, 2007,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than December 7, 2007,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.